**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARISOL FERNANDEZ,

      Plaintiff,

v.                                                                          Case No. 8:26-cv-913-TPB-CPT

JUDGE CATLIN, et al.,

      Defendants.

_____/

## ORDER DISMISSING CASE

This matter comes before the Court *sua sponte.* After reviewing the complaint, the court file, and the record, the Court finds as follows:

## Background

Plaintiff has filed this suit against two sitting Florida circuit court judges, two lawyers, defendants identified as "Public Defender" and "Unknown Magistrate," officers of the Hillsborough County Sheriff's Office, and her brother, Rosendo Fernandez, Jr. It appears from Plaintiff's complaint that she is unhappy with the outcome of a state court guardianship proceeding concerning Plaintiff's and Rosendo's mother, 86-year-old Teresa Fernandez. Teresa is incapacitated, and Rosendo has been appointed as the guardian of her property. Plaintiff, who has been Teresa's caregiver, unsuccessfully sought to prevent Rosendo's appointment by the circuit court and she has appealed the order of appointment to Florida's Second District Court of Appeal.

Plaintiff's conclusory, repetitive, and adjective-laden allegations challenge the conduct of numerous participants in the state court proceedings and related matters. She complains that the state court judges repeatedly ruled against her, refused to consider her evidence, and failed to hold hearings or allow her to testify, which she characterizes as the product of a conspiracy involving not only those two judges, but other judges not named as defendants. She alleges that Rosendo and his lawyer filed a "falsified, malicious and unqualified application" for appointment as guardian, that Rosendo tampered with witnesses and destroyed evidence, that Teresa's lawyer failed to properly represent Teresa in the guardianship proceedings, and that Rosendo took "aggressive" actions against her, both in and out of court. She also complains that the Sheriff's Office failed to handle her allegations and reports properly and that it prematurely closed its investigations.

Based on these allegations, Plaintiff attempts to assert claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 based on alleged violations of due process under the Fourteenth Amendment as well as violations various federal criminal statutes. She seeks a stay or injunction against the ongoing state court proceedings or dismissal of those proceedings, as well as unspecified sanctions against the state court judges, Rosendo, the two attorneys, and employees of the Sheriff's Office.

## Analysis

When a person is unhappy with the outcome of a case in state court, the remedy is to file an appeal in the state court system. The law does not allow a person unhappy with the outcome of a case in state court to sue the involved

parties, including the judges, in a federal court simply by describing her disagreement with the state court proceedings as a civil rights violation.

"By federal statute, established constitutional case law, and longstanding federal policy, federal courts will enjoin state court proceedings only in narrowly defined and strictly limited instances." *Claughton v. Donner*, 771 F. Supp. 1200, 1203 (S.D. Fla. 1991). Indeed, "[u]nder the Anti-Injunction Act, 28 U.S.C. § 2283, '[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Id.* at 1203 (quoting *Younger v. Harris*, 401 U.S. 37, 40 (1971)).

In *Younger*, the United States Supreme Court explained that this generalized noninterference with ongoing state proceedings was not just imposed by statute but also rooted in the principles of comity and federalism:

> This underlying reason for restraining courts of equity . . . is the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways . . . . The concept does not mean blind deference to 'States' Rights' any more than it means centralization of control over every important issue in our National Government and its courts. The Framers rejected both these courses. What the concept does represent is a system in which there is sensitivity to the legitimate interests of both State and National Governments . . . .

401 U.S. at 44. The Eleventh Circuit has echoed the same sentiments and reinforced the notion of judicial restraint underlying the "*Younger* abstention doctrine." *See Wexler v. Lepore*, 385 F.3d 1336, 1341 (11th Cir. 2004). Accordingly,

"federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding." *Newsome v. Broward Cty. Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *see also Claughton*, 771 F. Supp. at 1203 (explaining that "when federal courts are asked to enjoin pending proceedings in state courts, the normal course is to deny such injunctive relief").

Upon consideration of these factors, the Court finds that abstention is warranted in the present case. First, there are clearly state judicial proceedings pending in Florida involving Plaintiff and the Defendants named in this case (including judges, litigants, and counsel). Plaintiff is currently seeking appellate review of the guardianship order in the state court system. The present action is effectively a simultaneous and collateral appeal of that ruling.

Second, interfering in the Florida state proceedings on the grounds alleged by Plaintiff would implicate the ability of state judicial officers to manage their cases, including the conduct of hearings and reception and exclusion of evidence, and to enforce their orders in proceedings involving family relations, guardianship, probate, and property matters. These issues implicate important state interests. *See, e.g., Hill v. Davis*, No. CV 18-00287-JB-C, 2019 WL 1416476, at *6 (S.D. Ala. Mar. 6, 2019) (explaining that a "guardianship proceeding involv[ing] the proper

care of an adult family member alleged to be incapacitated, including a responsible oversight of her assets . . . clearly implicates important state interests"), *report and recommendation adopted,* 2019 WL 1412116 (S.D. Ala. Mar. 28, 2019).[1]

Finally, Plaintiff has an adequate opportunity to raise any constitutional or other claims in the state proceedings.  "A federal court 'should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'"  *31 Foster Children v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)).

 Plaintiff requests that this Court step in to enjoin and stay an ongoing Florida proceeding.  Federal legislation, caselaw, and well-established principles of federalism and comity clearly prohibit the Court from doing so.  Dismissal is therefore proper on the basis that this Court lacks subject matter jurisdiction.[2]

Finally, the Court notes that Defendants Catlin and Arkin are Florida circuit court judges who have been sued for their acts in their roles as judges.  They enjoy absolute judicial immunity from all acts taken in their judicial capacity.  *See, e.g., McCree v. Griffin*, No. 19-14646-A, 2020 WL 2632329, at *1 (11th Cir. May 20,

---

[1] *See also Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *Cafaro v. Pasco Prob. Circuit Court*, No. 8:11-cv-111-T-33TGW, 2011 WL 722975, at *1 (M.D. Fla. Feb. 7, 2011) ("[T]he law of probate, trusts, and estates—allocating the personal property of citizens—remains an important interest of the states for *Younger* purposes.") (quoting *Harper v. Pub. Serv. Comm'n of W. VA.*, 396 F.3d 348, 352-53 (4th Cir. 2005)), *report and recommendation adopted*, 2011 WL 719157 (M.D. Fla. Feb. 23, 2011).

[2] *Younger* absention applies where, as is the case here, state law proceedings are ongoing. If the state court proceedings had concluded with the guardianship order and no timely appeal had been filed, dismissal would be required under the *Rooker-Feldman* doctrine.  "It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision."  *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997).

2020); *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018).   These

Defendants are therefore entitled to dismissal for this reason as well.

Plaintiff's complaint and this action are therefore dismissed.  Given the

fundamental flaw in Plaintiff's claims and the relief sought, granting leave to

amend the complaint would be futile.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The complaint (Doc. 1) and this action are **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 3rd day of

April, 2026.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**